**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELISSA R. McKERNAN, as Administratrix of the Estate of WILLIAM R. McKERNAN, <br><br> Plaintiff, <br><br> v. <br><br> WAYNE S. KICHAR, and CERMINARO CONSTRUCTION COMPANY, INC., <br><br> Defendants. | CIVIL ACTION NO. 3:12-1439 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff Melissa McKernan, as Administratrix of the Estate of William R. McKernan. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### **I. Background**

Plaintiff brings this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 7.) Plaintiff Melissa McKernan is alleged to be "an adult individual who currently resides in the town of Penfield, County of Monroe and State of New York." (*Id*. at ¶ 1.)

Defendant Wayne S. Kichar is alleged to be "an adult individual who currently resides at 505 Church Street, Jessup, Pennsylvania 18434." (*Id*. at ¶ 3.) Defendant Cerminaro Construction Company, Inc. is alleged to be "a domestic corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 21 Franklin Street, Jermyn, Pennsylvania 18433." (*Id*. at ¶ 4.)

### **II. Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to

28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A.  Citizenship of Plaintiff

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir.1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiff "resides" in Penfield, New York, this is not sufficient. Residence is not the same as domicile and does not establish

citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir.1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  The Court therefore finds that the Complaint has not properly alleged Plaintiff's citizenship for the purposes of diversity jurisdiction.

**B.**     **Citizenship of Individual Defendant**

The Complaint also fails to properly allege the citizenship of the individual Defendant Wayne Kichar.  As set forth above, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Swiger*, 540 F.3d at 182.  Here, the Complaint only alleges that Kichar "resides" in Jessup, Pennsylvania. (*Compl.*, ¶ 3.) Thus, the Court cannot determine whether there is proper jurisdiction over the individual Defendant.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Plaintiff and Defendant Kichar.  As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving its Complaint.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").  As such, Plaintiff will be given twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in the dismissal of this action.

An appropriate order follows.

| | |
|---|---|
| July 27, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |